**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| LIBBY SKOLNIK,<br><br>Plaintiff,<br><br>v.<br><br>METHODIST LE BONHEUR HEALTHCARE; LE BONHEUR CHILDREN'S HOSPITAL,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:26-cv-02782-SHL-cgc |

**ORDER GRANTING UNOPPOSED MOTION TO CONSOLIDATE RELATED CASES**

Before the Court is Plaintiff Libby Skolnik's Unopposed Motion to Consolidate Related Cases, filed October 2, 2026, along with the Plaintiffs in three related cases.[1] (ECF No. 10.) Plaintiffs seek consolidation because "all four actions involve former employees of Defendant and are based largely on the same facts and legal issues." (Id. at PageID 55.) The cases involve allegations that Defendants retaliated against Plaintiffs "for opposing national origin discrimination against disabled patients and reporting unsafe medical practices," in violation of state and federal statutes. (ECF No. 1 at PageID 1; 2:26-cv-02791-SHL-cgc (ECF No. 1 at PageID 1); 2:26-cv-02793-SHL-atc (ECF No. 1 at PageID 1); 2:26-cv-02792-SHL-cgc (ECF No. 1 at PageID 1.).) Defendants do not oppose consolidation. (ECF No. 10 at PageID 57; 2:26-cv-02791-SHL-cgc (ECF No. 10 at PageID 58); 2:26-cv-02793-SHL-atc (ECF No. 10 at PageID 66); 2:26-cv-02792-SHL-cgc (ECF No. 10 at PageID 62.).)

[1] See Simmons v. Methodist LeBonheur Healthcare, et al., 2:26-cv-02791-SHL-cgc; Blackwood v. Methodist LeBonheur Healthcare, et al., 2:26-cv-02793-SHL-atc; Divelbiss v. Methodist LeBonheur Healthcare et al., 2:26-cv-02792-SHL-cgc.

When "actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a). Consolidation promotes judicial efficiency and helps facilitate the administration of justice. See Advey v. Celotex Corp., 962 F.2d 1177, 1180 (6th Cir. 1992). A common question of law or fact must exist for consolidation to occur. Powell v. Oldham, No. 2:16-cv-2907-SHM-dkv, 2018 WL 1249909, at *3 (W.D. Tenn. Mar. 9, 2018). The moving party bears the burden of showing a common question of law or fact. Id. at *2 (citations omitted).

Even if a common question exists, "the decision to consolidate rests in the sound discretion of the district court." Id. (citation omitted). When considering whether to consolidate, the district court considers: (1) whether the specific risk of prejudice and possible confusion are outweighed by the risk of inconsistent adjudication of common factual and legal issues; (2) the burden on the parties, witnesses, and available judicial resources posed by multiple lawsuits; (3) the length of time required to conclude multiple suits as opposed to a single one; and (4) the relative expense to all parties of a single trial versus multiple trials. Id. at *3 (citing Cantrell v. GAF Corp., 999 F.2d 1007, 1011 (6th Cir. 1993)). The district court makes its decision to consolidate "thoughtfully with specific reference to the factors identified above." Cantrell, 999 F.2d at 1011.

Consolidation is appropriate here. There are common questions of law and fact between the four cases, and consolidating them will not result in unavoidable prejudice or unfair advantage to any of the Parties. Indeed, given the factual and legal overlap in the cases, there is little risk of prejudice or possible confusion. Trying this case multiple times would be an unnecessary burden on the parties, witnesses, and judicial resources, and runs the risk of

inconsistent adjudication of the common factual and legal issues. Consolidating the cases will also result in savings of time and resources.

For the foregoing reasons, the motion to consolidate is **GRANTED**. In this district, when cases are consolidated, they are typically assigned the earliest filed case number, which, in this case, is Case No. 2:26-cv-02782-SHL-cgc. Therefore, matters 2:26-cv-02791-SHL-cgc, 2:26-cv-02793-SHL-atc, and 2:26-cv-02792-SHL-cgc are hereby consolidated with No. 2:26-cv-02782-SHL-cgc before the undersigned and Magistrate Judge Charmiane G. Claxton. The Court will conduct a scheduling conference November 13, 2026, at 11:30 AM in Courtroom 1.

**IT IS SO ORDERED,** this 9th day of October, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE